UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EMANUEL CORREA-HERRERA,

    Petitioner,

v.                                                       Case No. 1:24cv190-TKW-HTC

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Emanuel Correa-Herrera, a Florida prisoner proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 related to his criminal convictions in the Eighth Judicial Circuit in Gilchrist County Case No. 2020 CF 137. Doc. 1. Respondent Ricky Dixon, the Secretary of the Florida Department of Corrections, has filed a motion to dismiss the petition, arguing the claims raised in the petition are conclusory, unexhausted, and do not establish a violation of Petitioner's constitutional rights. Doc. 16. After reviewing the petition, the motion to dismiss, Petitioner's response to the motion (Doc. 23), and the relevant law, the undersigned concludes the motion should be GRANTED and the petition should be DISMISSED WITH PREJUDICE because none of the grounds in the petition provide a basis for federal habeas relief.

I.  **Background**

In December 2021, Petitioner was charged by an amended information with three counts of sexual battery on a minor, one count of false imprisonment, and one count of battery.[1]  Doc. 16-2 at 48-49.  At his first trial in May 2022, a jury found Petitioner not guilty of one sexual battery count but was unable to reach a verdict as to the other four counts.  Doc. 16-2 at 58, 64-65.  At a second trial in June 2022, a jury found Petitioner guilty of the remaining counts.  Doc. 16-10 at 2-3.  On August 10, 2022, the circuit court sentenced Petitioner to 17 years in prison followed by 20 years of sex offender probation.  Doc. 16-10 at 72-82.

On September 1, 2022, Petitioner initiated an appeal with the First District Court of Appeal ("First DCA").  Doc. 16-10 at 87.  While the appeal was pending, Petitioner filed a *pro se* motion to discharge his appellate counsel on October 27, 2023.[2]  Doc. 16-10 at 129-31.  On January 2, 2024, the First DCA denied the motion.  Doc. 16-10 at 137-38.  Petitioner filed a *pro se* motion to reconsider on April 25, 2024, but the First DCA denied that motion on June 12, 2024.  Doc. 16-10 at 144-49.

---

[1] The offenses involved two minor victims, identified as "A.C." and "J.F."
[2] While the appeal was pending, Petitioner also filed three motions to correct sentencing errors under Fla. R. Crim. P. 3.800(b)(2) in the circuit court.  The motions related to the prosecution and incarceration costs that were imposed at sentencing.  Doc. 16-10 at 89-93, 99-104, 115-24.

Case No. 1:24cv190-TKW-HTC

Petitioner also filed a *pro se* "petition for special review" with the Florida Supreme Court on April 25, 2024, reiterating that he wanted to proceed *pro se* on his direct appeal. Doc. 16-10 at 151-54. The Florida Supreme Court treated the filing as a petition for writ of mandamus and transferred it to the First DCA to consider as a motion to discharge counsel. Doc. 16-10 at 156-57. The First DCA denied the motion to discharge on June 12, 2024 (the same day it denied the motion to reconsider). Doc. 16-10 at 159-60.

On July 12, 2024, Petitioner's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), representing that no good faith argument of reversible error could be made. Doc. 16-10 at 162-196. The First DCA subsequently gave Petitioner an opportunity to file a *pro se* brief (Doc. 16-11 at 2-3), which he did on October 8, 2024. Petitioner's brief claimed the trial court erred by: (1) denying his motion to sever the counts related to each victim for trial; (2) denying his motion *in limine*, which sought to prevent use of the term "rape" at the trial; (3) denying his motion to dismiss Count I on double jeopardy grounds based on his acquittal on Count II at his first trial; and (4) refusing to allow defense counsel to state the basis for evidentiary objections on the record and by exhibiting an improper demeanor toward counsel. The brief also argued the evidence was not sufficient to support a conviction for sexual battery of one of the victims, A.C., and

newly discovered evidence consisting of an affidavit from Fiadora Bice, a coworker of A.C., showed A.C. was not credible.  Doc. 16-11 at 8-34.

On October 21, 2024, while his direct appeal was still pending, Petitioner filed the instant § 2254 petition.  Doc. 1.  The petition contains four grounds for relief, described as follows: (1) "illegal incarceration due to fraudulent proceedings [that] require constitutional review"; (2) "Petitioner's constitutional rights violated by being blocked by courts to proceed *pro se*"; (3) "violation of due process"; and (4) "current pending proceedings creating acute manifest injustice."  Doc. 1 at 9-15.

On January 6, 2025, the First DCA *per curiam* affirmed Petitioner's conviction and sentence without opinion.  Doc. 16-11 at 49-50; *Correa-Herrera v. State*, 399 So. 3d 1246 (Fla. 1st DCA 2025).  On January 17, 2025, Petitioner filed a *pro se* motion for rehearing and rehearing *en banc* with the First DCA.  Doc. 16-11 at 54-56.  The First DCA struck the motion as unauthorized on January 31, 2025.  Doc. 16-11 at 52-53.

On May 23, 2025, Petitioner filed a *pro se* motion in circuit court pursuant to Fla. R. Crim. P. 3.850, asserting newly-discovery evidence—an affidavit from Bice—showed J.F.'s recollection of events was uncertain and her testimony at trial was not credible.  Doc. 16-11 at 68-81.  The circuit court denied the Rule 3.850 motion on July 17, 2025, finding J.F.'s recollection and the veracity of her testimony were thoroughly addressed at the trial.  Doc. 16-11 at 83-100.  Petitioner has

appealed the denial of the Rule 3.850 motion, and it is pending in the First DCA. *See* First DCA Case No. 1D2025-2151.

## II.   Discussion

After reviewing the claims for relief presented in the petition, the undersigned concludes the claims are conclusory, do not show Petitioner's constitutional rights were violated, and do not suggest Petitioner is in custody in violation of federal law. Thus, the Respondent's motion should be granted, and the petition should be dismissed.[3]

### A.   Ground One

In Ground One, Petitioner argues he is illegally incarcerated "due to fraudulent proceedings" that "require constitutional review." Doc. 1 at 9. As for the facts supporting Ground One, Petitioner states: (1) the "Supreme Court of Florida compelled the First DCA … to move and to resolve issues involved with this Petitioner's direct appeal"; and (2) the appeal "was allowed to pend fraudulently and without merit keeping this Petitioner illegally incarcerated." Doc. 1 at 9.

The specific argument Petitioner raises in Ground One is difficult to decipher. To the extent Ground One is a generalized attack on the lawfulness of Petitioner's

---

[3] The Respondent also argues Petitioner's claims are unexhausted and procedurally defaulted. However, considering the claims are meritless, the Court need not address exhaustion. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

custody, it fails to support a claim for habeas relief because it is conclusory and includes no supporting facts. *See* Rule 2, Rules Governing § 2254 Cases (requiring a § 2254 petition to "state the facts supporting each ground" for relief). The petition fails to explain how Petitioner's incarceration is "illegal," how the proceedings that led to the incarceration were "fraudulent," or whether Ground One is based on state or federal law. *See Marshall v. Dunn*, 497 F. Supp. 3d 1124, 1149-50 (N.D. Ala. 2020) ("[T]he duty is upon the individual who asserts a denial of his constitutional rights to come forth with a statement of sufficient clarity and sufficient supporting facts to enable a court to understand his argument and to render a decision on the matter.") (quoting *Nail v. Slayton*, 353 F. Supp. 1013, 1019 (W.D. Va. 1972)). Thus, to the extent Ground One is an attack on the legality of Petitioner's custody, it is subject to dismissal because it is conclusory and unsupported.[4] *See Blankenship v.*

---

[4] Similarly, Petitioner's response to the motion to dismiss makes only vague assertions regarding the legality of his custody. He claims: (1) "these are constitutional violations that has brought severe prejudice in his case and entire criminal proceedings"; (2) "the evidence in this case was nonexistent"; (3) in his post-conviction proceedings, "there has been a constant issue with injustice as a result of improper procedures and a constant 'stone-walling' so to avoid the facts in his case"; (4) he "should be released from incarceration" because it "goes without saying [his] incarceration is illegal"; and (5) "the lower tribunal is not following the Constitution and being severely prejudicial toward [him]." Doc. 23. To the extent the statement, "the evidence in this case was nonexistent," could be liberally construed as a challenge to the sufficiency of the evidence, that argument was not raised in his initial petition. Furthermore, Petitioner has not shown the First DCA's rejection of that argument in his direct appeal (Doc. 16-11 at 31) was unreasonable because the testimony of the victims was sufficient to support the sexual battery convictions. *See Duran v. Walker*, 223 F. App'x 865, 872-73 (11th Cir. 2007) (noting "[i]t was within the province of the jury to weigh the credibility of all the witnesses testimony and to determine that the victim's testimony was credible" and "the victim's testimony as to forcible penetration was alone sufficient to support the conviction").

Case No. 1:24cv190-TKW-HTC

*Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) ("It is the petitioner's burden to establish his right to habeas relief and he must prove all facts necessary to show a constitutional violation.") (citations omitted); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").

Reading Petitioner's claim liberally, Petitioner's assertion that the Florida Supreme Court "compelled the First DCA … to resolve issues" and the appeal "was allowed to pend fraudulently … keeping this Petitioner illegally incarcerated" could be construed as a challenge to the length of the proceedings in the First DCA.[5] However, even if that is the claim Petitioner is raising in Ground One, it does not provide a basis for habeas relief because: (1) there is no constitutional right to a speedy direct appeal[6]; and (2) it still fails to show how Petitioner's custody violates federal law. *See Owens v. McLaughlin*, 733 F.3d 320, 329 (11th Cir. 2013) ("The Supreme Court has never held that there is a constitutional right to a speedy direct appeal in a state criminal case."); *Morrison v. Warden*, 828 F. App'x 547, 551 (11th Cir. 2020) ("Nor have we discovered any precedent holding that 'prejudice' resulting

---

[5] Petitioner filed his notice of appeal on September 1, 2022, his § 2254 habeas petition on October 21, 2024, and the First DCA issued its decision affirming his convictions and sentence on January 6, 2025.

[6] Indeed, there is no federal constitutional right to appeal a state criminal conviction. *See Smith v. Robbins*, 528 U.S. 259, 270 n.5 (2000) ("The Constitution does not … require States to create appellate review in the first place."); *Ross v. Moffitt*, 417 U.S. 600, 606 (1974) ("[A] State is not obliged to provide any appeal at all for criminal defendants.").

Case No. 1:24cv190-TKW-HTC

from a delayed appeal amounts to a constitutional violation."); *see also Wilson v. Corcoran*, 562 U.S. 1, 6 (2010) (emphasizing that under § 2254(a) "habeas relief may be afforded to a state prisoner 'only on the ground' that his custody violates federal law"). Accordingly, Petitioner is not entitled to relief on Ground One.

B. **Ground Two**

In Ground Two, Petitioner contends his constitutional rights were violated when the First DCA prevented him from discharging his appellate counsel and proceeding *pro se*. Doc. 1 at 11 ("The Petitioner has consistently—as can be seen by the record—been working to remove counsel—to no avail. This has severely harmed this Petitioner.").

However, Petitioner cannot establish the First DCA's refusal to allow him to proceed *pro se* during his direct appeal violated his constitutional rights. Although the Supreme Court has held the Sixth Amendment "necessarily implies the right of self-representation" at a criminal trial, *Faretta v. California*, 422 U.S. 806, 832 (1975), no such right exists on appeal, *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 163 (2000) (holding a criminal defendant has no constitutional right to self-representation on appeal). Thus, Petitioner cannot show the First DCA's refusal to allow him to proceed *pro se* was contrary to federal law. *See* 28 U.S.C. § 2254(d) (stating habeas relief shall not be granted on a claim adjudicated in state court unless the state court decision was contrary to, or involved

an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States).

In addition, the bald assertion that Petitioner's rights were violated when he was prevented from proceeding *pro se* during his appeal does not demonstrate his custody violates federal law, which is the only basis for habeas relief.[7] *See* 28 U.S.C. § 2254(a). Furthermore, after Petitioner's appellate counsel filed an *Anders* brief, Petitioner was allowed to, and did, file a *pro se* brief with the First DCA. The *pro se* brief raised four claims of trial court error, as well as claims related to the sufficiency of the evidence and newly discovered evidence. The First DCA, however, rejected Petitioner's *pro se* arguments when it affirmed his convictions and sentence. Thus, Petitioner cannot show the First DCA's denial of his motion to discharge counsel had any effect on his appeal. Accordingly, Petitioner is not entitled to relief on Ground Two.

**C. Ground Three**

In Ground Three, Petitioner states "as a result of the aforementioned issues this Petitioner has suffered a severe violation of due process." Doc. 1 at 13. The "aforementioned issues" are, presumably, the claims raised in Grounds One and Two. However, as explained above, the claims presented in Grounds One and Two

---

[7] While Petitioner faults the First DCA for not allowing him to discharge his appellate counsel, he does not allege his appellate counsel rendered ineffective assistance or explain how the First DCA's decision "harmed" him.

Case No. 1:24cv190-TKW-HTC

related to the length of Petitioner's appeal and his ability to proceed *pro se* during the appeal are meritless. Because Petitioner has not shown error in Grounds One and Two individually, there can be no cumulative error claim in Ground Three that warrants habeas relief. *See Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 (11th Cir. 2012) (finding petitioner's "cumulative error claim must fail" because "none of [his] individual claims of error or prejudice have any merit, and therefore we have nothing to accumulate"); *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011) ("Where there is no error or only a single error, there can be no cumulative error.").

### D. Ground Four

In Ground Four, Petitioner asserts his "current pending proceedings" are "creating acute manifest injustice." Doc. 1 at 15. He states that "additional meritorious grounds/claims" were "added to [the] current proceedings" in the First DCA and "delays" are "creating an acute manifest injustice." Doc. 1 at 15.

Although worded differently, Ground Four is duplicative of Ground One in that they both complain about the length his direct appeal pended. But, as previously explained, Petitioner has no constitutional right to a speedy appeal and vague allegations about "manifest injustice" are not sufficient to show his custody violates federal law. Thus, Petitioner is not entitled to relief on Ground Four.

## IV. Conclusion

### A. Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007). Additionally, this Court must consider the deferential standards prescribed by § 2254. *See id.* As set forth above, Petitioner's claims are not predicated on any disputed factual issues and do not provide a basis for habeas relief. Thus, the undersigned finds the claims in this case can be resolved without an evidentiary hearing. *See id*.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Cases states "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing § 2254 Cases. A timely notice of appeal must still be filed even if the court issues a certificate of appealability. Rule 11(b), Rules Governing § 2254 Cases.

After review of the record, the Court finds no substantial showing of the denial

of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) states: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing § 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

Accordingly, it is RECOMMENDED:

1. That Respondent's motion to dismiss (Doc. 16) be GRANTED and Correa-Herrara's petition under 28 U.S.C. § 2254 (Doc. 1) be DISMISSED WITH PREJUDICE without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 3rd day of November, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.